Hon. ROGER S. GREENE.....................Chief Justice.
Hon. SAMUEL C. WINGARD............Associate Justice.
Hon. JOHN P. HOYT....................Associate Justice..
Hon. GEORGE TURNER.................Associate Justice.
Mr. R. G. O'BRIEN.......................................Clerk.

## LOVICA O. HAMILTON, Appellant,

*v.*

## LEOPOLD HIRSCH and JAMES R. HAYDEN, Appellees.

The Act of Nov. 9, 1871, abolished dower in Washington Territory, by declaring that "neither dower or courtesy shall hereafter accrue." Such legislation is the taking away of an expectancy, and not the destruction of a vested right.

Appeal from Second Judicial District, holding terms at Olympia.

Plaintiff was united in marriage with the late Stephen H. Hilton, of Pierce County, Washington Territory, in said Territory, September 16, 1871, and thereafter lived and cohabited with him until his death in said Territory, August 19, 1873.

At the date of the marriage, said Hilton was seized in fee of the lands described in the complaint, being two acres of land in New Tacoma.

July 5, 1873, said Hilton conveyed the said lands by deed to defendants, in which, however, plaintiff, his then wife, did not join, or in any manner relinquish her dower or rights.

Plaintiff claims an estate in dower, during her natural life, in said lands, which are vacant, and asks for partition of the same and for general relief.

A general demurrer to the complaint, setting up the statute of limitations, was sustained by the Court; and final judgment having been entered for the defendants, the plaintiff appeals.

*Ballard & McFadden,* and *C. W. Hartman,* for Appellant.

The plaintiff was and is entitled to dower in the lands described in the complaint, and her right was not barred or affected by the defendants' deed from Hilton, of July 5, 1873; and this interest became absolute, and a perfect estate, and the plaintiff and defendants tenants in common of the lands, upon the death of Hilton, August 19, 1873. (Statutes Washington, 1863, 264, Sec. 352; Statutes Washington, 1864, 6–12; Dower Act Statutes, 1869, 131–32, 301, 502, November 30, 1869; General Laws of Oregon, by M. P. Deady, 1872, 585; Civil Code of Oregon, Sec. 328; *McKay* v. *Freeman,* 6 Or. Reports, 454; Freeman on Co-tenancy and Partition, Sec. 108.)

The Dower Act of 1864 was not repealed until the Statutes of Descents and Distributions of 1875, 55, Sec. 3; but this repeal did not affect the right and estate of the plaintiff already vested. (Constitution of the U. S., amendment, article 14; *Maynard* v. *Valentine, infra; Lawrence* v. *Miller,* 2 N. Y. Court of Appeals, 202; *Holmes* v. *Holmes,* 4 Barb. 295; *Turrett* v. *Taylor,* 9 Cranch, 43; *Petty* v. *Petty,* 4 B. Monroe, 215; *Denton* v. *Nanny,* 8 Barb. 618; *Schiffer* v. *Bruden,* 64 N. Y. 47; *Deadly* v. *Easten,* 104 U. S. Rep. 99; *Simar* v. *Canady,* 53 N. Y. 298.)

Statute 1860, Washington Territory, 298–99, relating to deeds, was unchanged at the date of the conveyance to defendants, July 5, 1873. (Statutes 1873, 465; *Russell* v. *Ramsey,* 35 Illinois Rep. 39; *Godey* v. *McCorkle,* 57 Mo. 172; S. C., 17 American Reports, 676; 1 Scribner on Dower, 2d ed. 577; 2 Scribner on Dower, 2d ed. 1–24; *Sutton* v. *Askew,* 66 N. C. 172; S. C., 8 American Reports, 500; *Sykes* v. *Chadwick,* 18 Wallace, 1456; *Dash* v. *Kleek,* 7 Johns. 477; *Bailey* v. *Moyar,* 7 Hill, 146; *Aimsby* v. *Hinds,* 48 N. Y. 60, 61; *White* v. *Smith,* 4 Saw. 17; 1 Deady Cir. Ct. 268; *Dick* v. *Hamilton,* Deady, 322; *Pells* v. *Supervisors,* 65 N. Y. 305; Potter's Dwarris on Statutes, 162–166; *Hoffman* v. *Quincy,* 4 Wall. 535; *In re Tuller,* 79 Ill. 99; *O'Kelly* v. *Williams,* 84 N. C. 281; *Bruce* v.

*Strickland*, 81 N. C. 267 ; *Johnson* v. *Van Dyke*, 6 McLean, 422–29 ; *Royston* v. *Royston*, 21 Ga. 161 ; *Jenkins* v. *Jenkins*, 82 N. C. 202 ; *Holliday* v. *McMillan*, 79 N. C. 315 ; *Conroy* v. *Cable*, 37 Ill. 52 ; *Kelly* v. *Harrison*, 2 Johnson's Cases, 29 ; *Moon* v. *Dctchmendy*, 18 Mo. 522 ; *Williams* v. *Courtney*, 77 Mo. 587–88.)

The wife's inchoate right of dower, after it has attached to a particular tract of land, is property, and as such is within the protection of the 14th amendment to the Constitution of the United States. (*Pennoyer* v. *Neff*, 95 U. S., 5 Otto, 714, *per Field, Judge*, and *People* v. *Winehamer*, 13 N. Y. 433 ; *Wait* v. *Wait*, 4 N. Y. 95 ; *Payne* v. *Becker*, 87 N. Y. 153 ; *Dunn* v. *Sargent*, 101 Mass. 336 ; Sedgwick on Stat. and Const. Law, 2d ed., pp. 166–7 ; *Hinds* v. *Pugh*, 48 Miss. 274–5.)

Dower is not within the Statutes of Limitations, unless expressly made so. (See Wood on Limitations, p. 584, note 1 ; 2d Scribner on Dower, pp. 559–580.)

Perhaps with us, as it is an estate after the death of the husband, the wife surviving, the statute would run after a denial of the doweress' title by the other tenants. Code of Washington, p. 125. The demurrer does not raise this question. Besides, the statute must be pleaded by answer. (Code of Washington, Sec. 25 ; Van Santvoord's Pleading by Moak, 3d ed., pp. 206 –253 ; Waite's N. Y. Annotated Code, Sec. 73, p. 95, Sec. 75.

As the defendants neglected to state any other ground of demurrer except the Statute of Limitations, if the Court should hold that that defense can be raised by demurrer, then we respectfully submit that defendants are not allowed to go into any other question. (*Lopez* v. *Mining Company*, 1 Pac. Coast Reporter, p. 41 ; *Murne* v. *Schwabacher Bros. & Co.*, *infra.*)

The remedy is properly sought on the equity side of the Court. (3 Pomeroy's Equity Jurisprudence, pp. 418–22, Sec. 1382, note 1 ; *Mundy* v. *Mundy*, 2 Veasey, 122 ; Code of Washington, p. 127–128, *et seq.; Martin* v. *Walker*, 58 Cal. 590.) The Code of Washington having repealed the provisions of the Practice Act of 1877 (Stats., p. 115, Sec. 555), providing for admeasurement of dower in actions at law, the remedy was in equity for partition.

II. Wash.—15.

*Elwood Evans*, and *McNaught, Ferry, McNaught & Mitchell*, for Appellees.

Dower was abolished by the law of December 2d, 1869. Not in express terms, but by necessary implication. (Laws of Washington, 1869, p. 318.)

Dower was expressly abolished November 29, 1871. (Laws of Washington, 1871, p. 67.)

Inchoate dower may be abolished. It is not such an interest in property as is protected by the Constitution. Mr. Cooley, in his treatise upon constitutional limitations, defines it to be " only a capacity to acquire a right." (Cooley's Con. Lim., 2d ed., top p. 358, *et seq.; Noel* v. *Ewing*, 9th Md. 57 ; 1st Kent's Com. 455; *Moore* v. *City of New York*, 8 N. Y. 110 ; *Lucas* v. *Sawyer*, 17 Iowa, 517 ; Leading Cases American Law Real Property, Vol. 1, p. 300, and cases cited; *Maynard* v. *Valentine, infra.*)

A statute of limitations, abridging the time within which an action must be brought, is constitutional ; and it will apply to existing rights, if under the new statute full opportunity is afforded to try such existing rights in the Courts. (Cooley's Con. Lim., 2d ed., top p. 364, 365, 366; *Parker* v. *Kane et al.*, 4 Wis. 1; *Howell* v. *Howell*, 15 Wis. 55; *Horbach* v. *Miller*, 4 Neb. 31 ; *Root* v. *Bradley*, 1 Kan. 437 ; *Pritchard* v. *Spencer*, 2 Ind. 486 ; *Bigelow* v. *Bemer*, 2 Allen, 497 ; *Smith* v. *Packard*, 12 Wis. 412 ; *Mecher* v. *Blake*, 22 Wis. 472.)

Where, as in this instance, the question arises between the widow and an alienee of the husband, the law, at the time of the conveyance by the husband, will prevail. (*O'Ferral* v. *Simplot*, 4 Iowa, 381 ; *Young* v. *Wolcott*, 1 Id. 174; *Davis* v. *O'Ferrall*, 4 G. Greene, 358 ; *Comly* v. *Struder*, 1 Ind. 134 ; *Kennerly* v. *Missouri Insurance Co.*, *supra ; Lee* v. *Lindell*, 22 Mo. 202; *Noel* v. *Ewing*, 9 Ind. 37 ; *Lucas* v. *Sawyer*, 17 Iowa, 517 ; *Barbour* v. *Barbour*, 46 Me. 9; *Magee* v. *Young*, 40 Miss. 164 ; *Weaver* v. *Gregg*, 6 Ohio St. 547 ; *Maynard* v. *Valentine, infra.*

Opinion by WINGARD, Associate Justice.

The complaint or bill in this case sets up the following as the substantive facts of the same :

1. That plaintiff was married to Stephen H. Hilton, of Pierce county, in this Territory, on the 16th day of September, 1871, and lived with him as his wife until August 19th, 1873, when he died.    Plaintiff subsequently was married to one Jerome Hamilton, her present husband.

2. That at the date of the said marriage, Stephen H. Hilton was seized in fee of the lands described in the complaint.

3. That on July 5th, 1873, said Hilton conveyed the said lands by deed to the defendants, in which said deed the plaintiff did not join.

4. That plaintiff had an estate in dower in the lands aforesaid, which she prays may be assigned, etc., and for general relief.

. To the complaint in this case a general demurrer was filed, which was sustained by the District Court.    A final judgment was entered for the defendant, and the plaintiff appeals to this Court.

The important and decisive question in the case is, " Was dower allowed by the law of this Territory at the date of the decease of plaintiff's husband ? "

It is not questioned that dower as at common law was given to the widow in this Territory, and remained until the somewhat radical legislation of 1869.    (Laws of W. T., p. 318.)

In this last named law, no mention is made whatever of dower, much less is there any expression which in terms abolishes it.

It is claimed, however, that it abolishes dower by implication. Whether this be so or not, at the next following session of the Legislature—Act, November 29th, 1871, by Section 23d—it was enacted that " neither dower or courtesy shall hereafter accrue." That is to say, that as to all persons living in this Territory at that date, and all who might subsequently abide therein, dower should be abolished.    (See 25 Ibid.)

The plaintiff was then a resident of the Territory.    She had then no vested right of dower.

In the language of Judge Cooley, which we adopt as a correct definition, she had " only a capacity to acquire a right." It could, therefore, be abolished by legislative enactment, as could an estate in expectancy vested in an ancestor.    (Leading Cases Am. Law Real Property, Vol. 1, p. 300.)    We are of

opinion that it was abolished. The judgment of the Court below in sustaining the demurrer is affirmed.

We concur. GEORGE TURNER, Associate Justice.
JOHN P. HOYT, Associate Justice.